UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BEVERLY KIRKPATRICK MCGOWAN § | |
| and MARK MCGOWAN, § | |
|     Plaintiffs, § | |
| v. § | No. 3:15-CV-3155-M (BF) |
| DITECH FINANCIAL, LLC, § | |
|     Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Ditech Financial, LLC's ("Defendant") Partial Motion to Dismiss Pursuant to FRCP 12(b)(6) [ECF No. 8] ("Partial Motion to Dismiss"). For the following reasons, the undersigned respectfully recommends that the District Court **GRANT in part** Defendant's Partial Motion to Dismiss [ECF No. 8].

**BACKGROUND**

Beverly Kirkpatrick McGowan and Mark McGowan ("Plaintiffs") filed their Original Petition in the 422nd Judicial District Court in Kaufman County, Texas on September 1, 2015 in connection with real property located at 8090 Wood Lane, Terrell, Texas 75160 (the "Property"). *See* Original Pet. [ECF No. 1-3 at 1-2]; Partial Mot. to Dismiss [ECF No. 8 at 1]. Plaintiffs filed their First Amended Petition on September 3, 2015. *See* Am. Pet. [ECF No. 1-6]; Partial Mot. to Dismiss [ECF No. 8 at 1]. Plaintiffs contend that they are the owners and residents of the Property. *See* Am. Pet. [ECF No. 1-6 at 5]. Plaintiffs contend that they stopped making payments on the Property, because they were no longer listed as the owners of the Property after they were discharged from bankruptcy in October of 2012. *See id.* [ECF No. 1-6 at 3]. Plaintiffs state that although Federal National Mortgage Association was listed as the Property owner, it failed to make any insurance or

tax payments, causing the Property to be further in arrears. *See id.* [ECF No. 1-6 at 3]. Plaintiffs state that Defendant initiated a foreclosure proceeding in April of 2014 in order to divest Plaintiffs of their ownership in the Property. *See id.* [ECF No. 1-6 at 3-4]. Plaintiffs contend that the Property remained in the name of Federal National Mortgage Association, because Defendants refused to cure the defect, but that in late January of 2015, Defendant initiated a change in the Kaufman County Appraisal District records so that Plaintiffs would be listed as the owners of the Property. *See id.* [ECF No. 1-6 at 4].

Plaintiffs allege that Defendant misrepresented the ownership of the Property to Plaintiffs and the Kaufman County Appraisal District. *See id.* [ECF No. 1-6 at 5]. Plaintiffs contend that Defendant misled Plaintiffs to believe that a loan modification would be permitted and that the foreclosure proceedings would be stopped. *See id.* [ECF No. 1-6 at 5]. Plaintiffs contend that they relied on the information communicated to the Kaufman County Appraisal District and stopped making the mortgage payments, because they believed that they were no longer owners of the Property, which caused them to fall further behind on their mortgage payments. *See id.* [ECF No. 1-6 at 5]. Plaintiffs also seek quiet title on the ground that they clearly have an ownership interest in the Property, which Defendants knowingly disregarded so that they could wrongfully foreclose on the Property. *See id.* [ECF No. 1-6 at 6]. Plaintiffs further allege a breach of implied covenant of good faith and fair dealing based on Defendant's alleged misconduct in approving a loan modification for Plaintiffs, but failing to correct the ownership information for the Property with Kaufman County, thereby preventing Plaintiffs from modifying their loan. *See id.* [ECF No. 1-6 at 6].

Defendant removed this case to federal court on September 29, 2015. *See* Notice of Removal

[ECF No. 1]. On October 6, 2015, Defendant filed its Partial Motion to Dismiss arguing that Plaintiffs' claim for breach of implied covenant of good faith and fair dealing fails as a matter of law. *See* Partial Mot. to Dismiss [ECF No. 8 at 3]. On October 27, 2015, Plaintiffs filed their response arguing that this claim should not be dismissed, because the parties have a special relationship of trust and confidence. *See* Resp. [ECF No. 11 at 4].

## STANDARD OF REVIEW

A court may dismiss a complaint under Federal Rule of Civil Procedure ("Rule") 12(b)(6) if the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). In considering a Rule 12(b)(6) motion to dismiss, the court takes as true all facts pleaded in the complaint, even if they are doubtful in fact. *See id.* A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). In resolving a Rule 12(b)(6) controversy, the Court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Herrera v. Wells Fargo Bank, NA*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank, PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins*, 224 F.3d at 498-99; *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003); *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

## ANALYSIS

Defendant argues that Plaintiffs' claim for breach of implied covenant of good faith and fair dealing fails as a matter of law, because the only relationship between the parties is one between a servicer and a borrower, and in such a relationship, there is no duty of good faith and fair dealing. *See* Partial Mot. to Dismiss [ECF No. 8 at 3]. Plaintiffs argue in their response that the parties have a special relationship of trust and confidence and point out that the Texas supreme court has consistently held that a duty of good faith is imposed in special relationships that share trust or have an imbalance in bargaining power. *See* Resp. [ECF No. 11 at 4] (citing *Fed. Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706, 708-09 (Tex. 1990)). Plaintiffs argue that an imbalance of bargaining power exists between the parties in this case, because Defendant maintained total control throughout the loan modification process. *See id.* [ECF No. 11 at 4]. Plaintiffs point out that while Texas law requires a mortgage servicer to provide a notice of default and an opportunity to cure in most instances, a mortgage servicer is not obligated to offer a loan modification. *See id.* [ECF No. 11 at 4]. Plaintiffs argue that while Defendant offered Plaintiffs a loan modification, Defendant also created and maintained barriers to Plaintiffs' ability to accept that loan modification. *See id.* [ECF No. 11 at 4].

"Under Texas law, a claim for breach of the duty of good faith is a tort action that arises from a contract." *Collier v. CitiMortgage, Inc.*, No. 3:14-CV-906-M (BN), 2014 WL 4181449, at *6 (N.D. Tex. Aug. 22, 2014) (citing *Cole v. Hall*, 864 S.W.2d 563, 568 (Tex. App.-Dallas 1993, writ dism'd w.o.j.)). "A duty of good faith and fair dealing does not exist in all contractual contexts." *Dawkins v. Chase Bank, NA*, No. 3:13-CV-1308-M (BN), 2013 WL 4494527, at *4 (N.D. Tex. Aug. 22, 2013) (citing *Great Am. Ins. Co. v. N. Austin Mun. Util. Dist. No. 1*, 908 S.W.2d 415, 418 (Tex. 1995)).

"Ordinarily, there is no duty of good faith in lender/lendee relationships." *Collier*, 2014 WL 4181449, at *6 (citing *Levels v. Merlino*, 969 F. Supp. 2d 704, 717 (N.D. Tex. 2013); *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.-San Antonio 1998, no pet.)). "However, a duty of good faith and fair dealing does arise when there is a 'special relationship marked by shared trust or an imbalance of bargaining power.'" *Id.* (quoting *Coleman v. Bank of Am., NA*, No. 3:11-CV-430-G (BD), 2011 WL 2516169, at *1 (N.D. Tex. May 27, 2011)). "Absent this special relationship, there is no independent tort for breaching a duty of good faith." *Id.* (citing *Cole*, 864 S.W.2d at 568). "Courts have consistently concluded that there is no special relationship between mortgagor and mortgagee under Texas law that imposes an independent common-law duty of good faith and fair dealing." *Id.* (citing *Levels*, 969 F. Supp. 2d at 717).

"There are a few cases where courts have acknowledged that certain actions that show 'substantial, active participation' of the mortgagee might evidence a special relationship and give rise to a duty of good faith and fair dealing." *Id.* at *7 (citing *Levels*, 969 F. Supp. 2d at 718). In *Levels*, the Court discussed a Western District of Texas case that "determined that the facts must demonstrate many months of conversations and active participation to create a special relationship[,]" and that in order to "establish a special relationship sufficient to give rise to a duty of care . . . the plaintiff must show 'that the mortgagee engaged in substantial, active participation that went beyond the traditional lender/borrower relationship.'" *Levels*, 969 F. Supp. 2d at 718 (quoting *Omrazeti v. Aurora Bank FSB*, No. SA:12-CV-730-DAE, 2013 WL 3242520, at *15 (W.D. Tex. June 25, 2013)). However, the Court in *Levels* noted that the *Omrazeti* "court seemed to doubt that such a duty exists, even with 'active participation.'" *Id.* (citing *Omrazeti*, 2013 WL 3242520, at *16). In *Levels*, the Court considered in a summary judgment context, an affidavit that stated that

5

"(1) Defendants 'explained the benefits of owning a home . . . [and] . . . gave advice and explained that they could walk [Plaintiffs] through the process' and that (2) Defendants convinced Plaintiffs to purchase the home through owner-financing and developed a relationship with Defendants because Defendants took Plaintiffs 'under their wing.'" *Id.* The Court in *Levels* concluded that such "evidence does not give rise to a 'special relationship,' and therefore, no duty exists." *Id.*

Plaintiffs state the following with respect to their breach of implied covenant of good faith and fair dealing claim:

> 31. Plaintiffs repeat and incorporate by reference the preceding paragraphs as if fully set forth herein.
> 32. Defendant approved a loan modification for Plaintiffs as an alternative to foreclosure and Defendant extended an offer to Plaintiffs.
> 33. Plaintiffs were ready to accept Defendant's loan modification offer. However, in a previous attempt to foreclose on the Property, Defendant had taken steps to remove Plaintiffs' names from the the property records.
> 34. Defendant was notified on several occasions by Plaintiffs that the property records for Kaufman County listed Federal National Mortgage Association as the owner of the Property. However, despite the efforts of Plaintiffs, Defendant failed to correct the error.
> 35. Because Plaintiffs were not listed as the owners of the property when Defendant extended the loan modification offer, Plaintiffs could not modify the loan. Plaintiffs could not modify the terms of a loan on a property Plaintiffs did not own pursuant to county property records.
> 36. Defendant at all times controlled the process and was responsible for removing Plaintiffs as owners of the Property, but did not act to correct the error despite requests from Plaintiffs.
> 37. Further, Defendant would repeatedly request the same documents as a prerequisite to approval of the loan modification. Each time Defendant would make such a request, Plaintiffs did comply.
> 38. When Defendant would request documents, Defendant would instruct Plaintiffs to fax the documents to a fax number provided by Defendant. Each time Defendant would request documents, Defendant would provide Plaintiffs with a different fax number.
> 39. Plaintiffs wanted to confirm the balance owed and the payment calculations put forth by Defendant. Although Plaintiffs had requested an accounting of their account balance and monthly payment calculations in writing, Defendant did not respond.
> 40. Defendant's intention all the while was to foreclose on Plaintiffs' property.

> Defendant employed the tactics above to delay the loan modification process and to provide an explanation for ultimately denying Plaintiffs' request for alternative relief in the form of a loan modification.

*See* Am. Pet. [ECF No. 1-6 at 6-7]. Under *Level* and *Omrazeti*, the factual allegations in Plaintiffs' Amended Petition do not suffice to give rise to a special relationship. *See Levels*, 969 F. Supp. 2d at 718; *Omrazeti*, 2013 WL 3242520, at *16. Therefore, Plaintiffs' claim for breach of implied covenant of good faith and fair dealing should be dismissed. *See Collier*, 2014 WL 4181449, at *7 ("Nowhere does Plaintiff allege facts that support the existence of active participation on behalf of Defendant that could plausibly give rise to the duty of good faith and fair dealing. Because Plaintiff has failed to plead facts showing the breach of a duty recognized by law, the breach of the duty of good faith cause of action fails to state a claim upon which relief can be granted and should be dismissed without prejudice.").

Defendant asks that the District Court dismiss with prejudice Plaintiffs' claim for breach of implied covenant of good faith and fair dealing. *See* Partial Mot. to Dismiss [ECF No. 8 at 4]. However, the undersigned recommends, out of an abundance of caution, that the District Court dismiss this claim without prejudice and give Plaintiffs an opportunity to amend this claim. The undersigned recommends that the District Court permit Plaintiffs to amend this claim within 21 days of the District Court's entry of its Order regarding these Findings, Conclusions, and Recommendation, and if Plaintiffs fail to do so, dismiss the claim with prejudice. *Id.* ("The Court should grant Defendant's motion to dismiss without prejudice as to [] Plaintiff's claim for Defendant's breach of the duty of good faith and fair dealing . . . . The Court should grant Plaintiff 21 days from the date of any order adopting these Findings, Conclusions, and Recommendation in which to file an amended complaint as to those claims that should be dismissed without prejudice

7

and should order that, if Plaintiff fails to do so, the case will be dismissed with prejudice without further notice.").

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the District Court **GRANT in part** Defendant's Partial Motion to Dismiss [ECF No. 8] and dismiss without prejudice Plaintiffs' Third Cause of Action: Breach of Implied Covenant of Good Faith and Fair Dealing. Furthermore, the undersigned recommends that the District Court allow Plaintiffs to amend this claim within 21 days of the District Court's entry of its Order regarding these Findings, Conclusions, and Recommendation, and if Plaintiffs fail to do so, dismiss the claim with prejudice.

**SO RECOMMENDED**, this 21ˢᵗ day of June, 2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the

Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).