**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| BEVERLY KIRKPATRICK MCGOWAN AND MARK MCGOWAN, | § § § | |
| Plaintiffs, | § § | |
| vs. | § | CIVIL ACTION NO. 3:15-cv-3155 |
| DITECH FINANCIAL LLC, | § § § | |
| Defendant. | § § | |

**MOTION TO DISMISS AND BRIEF IN SUPPORT**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Ditech Financial LLC ("Defendant") files this Motion to Dismiss and Brief in Support (the "Motion to Dismiss"), and respectfully shows the Court as follows:

**I.
INTRODUCTION**

Plaintiffs Beverly Kirkpatrick McGowan and Mark McGowan ("Plaintiffs") filed this lawsuit to preclude the foreclosure of the real property located at 8090 Wood Lane, Terrell, Texas 75160 (the "Property"). The Court has already dismissed with prejudice Plaintiffs' claim for breach of the duty of good faith and fair dealing after Plaintiffs were given an opportunity to cure their deficient pleadings, but failed to do so. *See* Doc. Nos. 15-16, 19. Thus, only Plaintiffs' claims for negligent misrepresentation and quiet title remain. As discussed herein, each of those claims should likewise be dismissed with prejudice for failure to state a claim.

## II.
## STATEMENT OF FACTS

Plaintiffs allege that they are the owners of, and reside at, the Property, but stopped making their loan payments on the Property because they were no longer listed as the owners of the Property after they were discharged from bankruptcy in October of 2012. *See* First Amended Original Petition ("Am. Complaint") at pp. 3, 5, 21-22. According to Plaintiffs, in October 2011, the Kaufman County Appraisal District records were changed to reflect Federal National Mortgage Association ("Fannie Mae") as the Property owner, and that Fannie Mae failed to make any insurance or tax payments causing the Property to be further in arrears. *Id.* at p. 3. Plaintiffs also allege that in May 2014, approximately three years after the Kaufman County Appraisal records were changed, the loan was transferred to Defendant. *Id.* Plaintiffs further allege that Defendant initiated foreclosure proceedings in April 2014, which is before Plaintiffs contend that the loan was transferred to Defendant, and that in January 2015, within a year of the loan transfer, Defendant initiated a change in the Kaufman County Appraisal District records so that Plaintiffs would be listed as the owners of the Property. *Id.* at pp. 3-4.

Plaintiffs additionally allege that Defendant misrepresented its ownership of the Property to Plaintiffs and the Kaufman County Appraisal District, even though the Kaufman County Appraisal District records were allegedly changed to reflect Fannie Mae, not Defendant, as the Property owner in October 2011, which is approximately three years before Plaintiffs contend the loan was even transferred to Defendant. *Id.* at p. 5. Plaintiffs also allege that Defendant misrepresented to them that a loan modification would be granted and that foreclosure proceedings would be stopped. *Id.* In connection with these allegations, Plaintiffs assert claims for negligent misrepresentation and quiet title, as well as request injunctive relief precluding foreclosure. *Id.* at pp. 5-8.

# III.
# ARGUMENT AND AUTHORITIES

**A.     STANDARD OF REVIEW**

Plaintiffs' claims should be dismissed with prejudice because they cannot withstand scrutiny under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), *cert. denied*, 552 U.S. 1182 (2008)). "Factual allegations must . . . raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555 (internal citations omitted).  While the allegations need not be overly detailed, a plaintiff's pleadings must still provide the grounds of his entitlement to relief, which "requires more than labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do."  *Id.*; *see also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) ("'naked assertions' devoid of 'further factual enhancement,'" along with "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the presumption of truth); *Escuadra v. Geovera Specialty Ins. Co.*, No. 1:09-CV-974, 2010 WL 3633009, at *6 (E.D. Tex. Sept. 9, 2010) (noting that dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief).  "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995) (quoting *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993)).

Moreover, demonstrating the facial plausibility of a claim requires a plaintiff to establish "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal,* 129 S.Ct. at 1949. It is not enough that a plaintiff allege the mere possibility of misconduct; it is incumbent to

"show that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 129 S.Ct. at 1950. The court may dismiss a complaint under Rule 12(b)(6) if either the complaint fails to assert a cognizable legal theory or the facts asserted are insufficient to support relief under a cognizable legal theory. *See Stewart Glass & Mirror, Inc. v. U.S.A. Glass, Inc*., 940 F. Supp. 1026, 1030 (E.D. Tex. 1996).

### B. THE NEGLIGENT MISREPRESENTATION CLAIM FAILS AS A MATTER OF LAW

The negligent misrepresentation claim is based on Plaintiffs' allegations that Defendant "misrepresented [its] status as owner of the property to Kaufman County Appraisal District and to Plaintiffs," and "misrepresented and misled Plaintiffs to believe that a loan modification *would be* granted and the foreclosure stopped." Am. Complaint at p. 5 (emphasis added). The negligent misrepresentation claim, however, fails as a matter of law and should be dismissed.

To state a negligent misrepresentation claim, Plaintiffs must prove that: (1) Defendant made a representation in the course of its business, or in a transaction in which it has a pecuniary interest; (2) Defendants supplied "false information" for the guidance of Plaintiffs in Plaintiffs' business; (3) Defendants did not exercise reasonable care or competence in obtaining or communicating the information; and (4) they suffered pecuniary loss by justifiably relying on the representation. *Flo Trend Systems, Inc. v. Allwaste, Inc.*, 948 S.W.2d 4, 8 (Tex. App.—Houston [14 Dist.], 1997). "A negligent misrepresentation claim . . . cannot be based on a promise to act in the future, but must rather focus on misstatements of existing facts." *Garza v. J.P. Morgan, Alternative Loan Trust, 2007-SI, mortgage Pass-Through Certificates*, No. 1:17CV82, 2017 WL 6513655, at *11 (S.D. Tex. Oct. 25, 2017), (quoting *HostingXtreme Ventures, LLC v. Bespoke Group, LLC*, No. 3:14-CV-1471-M, 2017 WL 4012922, at *11 (N.D. Tex. Aug. 23, 2017) (citing *Thawar v. 7-Eleven, Inc*., 165 F. Supp. 3d 524, 533 (N.D. Tex. 2016))).

1. **The Loan Modification and Foreclosure Allegations are Not Misrepresentations of Existing Facts**

As an initial matter, the alleged misrepresentation relating to the loan modification and foreclosure does not qualify as a misrepresentation of an existing fact. According to Plaintiffs, Defendant stated that the "loan modification *would be* granted and the foreclosure stopped." Am. Complaint at p. 5 (emphasis added). "A promise to do or refrain from doing an act in the future is not actionable because it does not concern an existing fact." *BCY Water Supply Corp. v. Residential Inv., Inc.,* 170 S.W.3d 596, 603 (Tex. App.—Tyler, 2005, pet. denied) (citing *Miksch v. Exxon Corp.*, 979 S.W.2d 700, 706 (Tex. App.—Houston [14th Dist.] 1998, pet. denied)). The negligent misrepresentation claim based on the alleged loan modification and foreclosure representation is subject to dismissal on this ground alone.

2. **The Economic Loss Rule Precludes the Negligent Misrepresentation Claim**

The negligent misrepresentation claim is also barred by the economic loss rule. Under Texas law, the economic loss rule precludes recovery in tort when the loss complained of is the subject matter of a contract between the parties. *Clark v. Bank of Am. N.A.*, No. 3:12–cv–1277–N–BK, 2012 WL 4793465, at *5 (N.D. Tex. Aug. 1, 2012), *rec. adopted*, 2012 WL 4793439 (N.D. Tex. Oct. 9, 2012) (citing *Southwestern Bell Tele. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991)). Complaints relating only to the parties' contractual relationship, as is the case here, cannot, as a matter of law, form the basis of a tort claim. *See Ellis v. PNC Bank, N.A.*, Civil Action No. 4:11-CV-03990, 2012 WL 2958266, at *4–5 (S.D. Tex. July 19, 2012) (citing *Sanghera v. Wells Fargo Bank, N.A.*, No. 3:10-CV-2412-B, 2012 WL 555155, at *5–6 (N.D. Tex. Feb. 21, 2012)). The economic loss rule has been applied to preclude negligent misrepresentation claims based on alleged misrepresentations that a loan modification would be provided. *See, e.g.*, *Obuekwe v. Bank of Am., N.A.,* No. 4:11-CV-762-Y, 2012 WL 1388017, at

*8 (N.D. Tex. Apr. 19, 2012) (concluding that a negligent misrepresentation claim against a servicer "flow[ed] from the deed of trust" and was thus barred by the economic loss rule); *Wiley v. U.S. Bank, N.A.,* No. 3:11–CV–1241–B, 2012 WL 1945614, at *12 (N.D. Tex. May 30, 2012) (determining that the economic loss rule precluded negligence claim against servicer based on allegations that the servicer made misrepresentations "related to promises to provide a loan modification, promises not to foreclose, and payment amounts"); *Bowman v. CitiMortgage Inc.*, No. 3:14-CV-4036-B, 2015 WL 4867746, at *4 (N.D. Tex. Aug. 12, 2015) ("Plaintiffs have not alleged that they have suffered any loss independent of the mortgage loan contract; their claim is based on purported representations regarding the modification of their loan—a contract—and the delay of foreclosure proceedings—a right provided in this contract."); *see also Kiper v. BAC Home Loans Servicing, LP*, 884 F. Supp. 2d 561, 573 (S.D. Tex. 2012) (negligent misrepresentation claim barred by economic loss rule); *Essex Ins. Co. v. Blount, Inc.*, 72 F. Supp. 2d 722, 724 (E.D. Tex. 1999) (dismissing negligent misrepresentation claim under economic loss doctrine); *Guizhi v. Bell Helicopter Textron, Inc.*, No. 4:97-CV-4035-Y, 1997 WL 786494, at *3 (N.D. Tex. Dec. 16, 1997) (holding economic loss doctrine barred cause of action for negligent misrepresentation); *Thomson v. Espey Huston & Assocs., Inc.*, 899 S.W.2d 415, 422 (Tex. App.—Austin 1995, no writ) (holding negligent misrepresentation claim was barred by the economic loss rule). *See also Anyafulu v. EquiCredit Corp. of Am.*, 664 F. App'x. 410, 413 (5th Cir. 2016) (holding that fraudulent misrepresentation claims involving an alleged modification of the terms of loan "sound[ ] only in contract").

In this case, Plaintiffs have not alleged any independent injury outside of the purported economic losses arising from the subject matter of the loan. *See Clark*, 2012 WL 4793465, at *5; *DeLanney*, 809 S.W.2d at 494. The negligent misrepresentation claim is based on alleged misrepresentations regarding ownership status and a purported loan modification offer. *See* Am.

Pet. ¶ 24.  None of the purported damages complained of would exist, to the extent such damages exist, but for the existence of the loan that Plaintiffs obtained to purchase the Property.  *See Daryani*, 2012 WL 3527924 at *4 ("Here, the only relationship between the parties is contractual and is in the form of the Note and Deed Trust.  Any alleged duty that Wells Fargo may have breached would relate to the parties' contractual relationship, and cannot, as a matter of law, form the basis of a negligence claim.").  Consequently, the negligent misrepresentation claim is barred by the economic loss rule and should be dismissed.

   **3.**  **The Statute of Frauds Precludes the Negligent Misrepresentation Claim**

The negligent misrepresentation claim based on the alleged oral loan modification promise is barred by the statute of frauds.  This is because under Texas law, oral promises to modify a loan must be in writing to be enforceable where, as is the case here, the loan is for more than $50,000.  *See Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238-39 (5th Cir. 2014) ("any alleged oral promise or agreement to modify the . . . loan is unenforceable under the statute of frauds."); *Martins v. BAC Home Loans Servicing, L.P.*, 722 F.3d 249, 256 (5th Cir. 2013) ("An agreement regarding the . . . modification of a loan must . . . be in writing to be valid."); *Prendes v. Select Portfolio Servicing, Inc.,* No. 12-cv-337, 2012 WL 6913511, *4 (N.D. Tex. Dec. 28, 2012) (holding that oral promise that a loan modification would be granted was barred by the statute of frauds); *Deuley v. Chase Home Finance, LLC*, 2006 WL 1155230, at *2 (S.D. Tex. Apr. 25, 2006) ("The oral modification in this case relates to the original loan agreement, which must be in writing because it exceeds $50,000. Thus, the modification is also required to be in writing to comply with the statute of frauds."); *Montalvo v. Bank of Am. Corp.*, 864 F. Supp. 2d 567, 582 (W.D. Tex. 2012) ("both Texas state and federal courts have concluded that . . . any alleged agreement to modify the original loan . . . must be in writing"); *Casey v. Fed. Home Loan Mortg. Ass'n,* No. H-11-3830, 2012 WL 1425138, *7 (S.D. Tex. Apr. 23, 2012 ) ("oral

agreement to modify [the note and deed of trust] . . . is not valid, under Texas law, if it is not in writing."); *Fath v. BAC Home Loans*, No. 3:12-cv-1755, 2013 WL 3203092, at *6 (N.D. Tex. Jun. 25, 2013) ("[A]ny oral statements that Plaintiff claims modified, terminated, or otherwise altered the Deed of Trust, the Note, or any other agreement between the parties are barred by the statute of frauds."); *Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *6 (N.D. Tex. Jan. 6, 2012) ("As to the alleged oral loan modification, even if the allegations were true, at best they concern an unenforceable agreement barred by the statute of frauds."); *Bailey v. BAC Home Loans Servicing, LP*, No. 4:11-CV-590, 2012 WL 5497632, at *2 (E.D. Tex. Nov. 13, 2012) ("any unilateral . . . contract modifying the underlying Note and Deed of Trust [is] subject to the statute of frauds.")

A plaintiff who "seeks to enforce an alleged oral contract[] has the burden of proving that the statute of frauds is satisfied." *Hugh Symons Group, plc v. Motorola, Inc.*, 292 F.3d 466, 469 (5th Cir. 2002). The statute of frauds requires all loan agreements involving amounts exceeding $50,000 to be in writing and signed by the party to be bound. *See BACM 2001–1 San Felipe Rd. Ltd. P'ship v. Trafalgar Holdings I, Ltd.*, 218 S.W.3d 137, 144 (Tex. App.—Houston [14th Dist] 2007, pet. denied) (citing TEX. BUS. & COM. CODE § 26.02); *Kew v. Bank of Am., N.A.*, No. H-11-2824, 2012 WL 5832354, at *4 (S.D. Tex. Nov. 16, 2012) (stating that "[a] loan agreement in which the amount involved . . . exceeds $50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative.").[1] Consequently, the negligent misrepresentation claim based on the oral loan modification promise is subject to the statute of frauds and must be in writing to be enforceable. *See Williams*, 560 F. App'x at 238-39; *Martins*, 722 F.3d at 256; *Prendes*, 2012 WL 6913511, *4; *Montalvo*, 864 F.

---

[1] "Loan agreement" means "any promise, agreement, or undertaking 'pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money . . . or to otherwise extend credit or make a financial accommodation.'" *Kew*, 2012 WL 5832354, at *4 (citing TEX. BUS. & COM. CODE § 26.02(a)(2)).

Supp. 2d at 582; *Casey,* 2012 WL 1425138, *7; *Fath*, 2013 WL 3203092, at *6; *Water Dynamics, Ltd.*, 2012 WL 34252, at *6; *Bailey*, 2012 WL 5497632, at *2; *see also* Exhibit A, a true and correct redacted copy of a Deed of Trust (reflecting that Plaintiffs obtained a loan in the amount of $208,000 to purchase the Property);[2] *Stolts v. Wells Fargo Bank, NA*, 31 F. Supp. 3d 876, 881 n.3 (S.D. Tex. 2014) (relying on deed of trust to determine that loan amount exceeded $50,000 and holding claims were barred by statute of frauds). Plaintiffs do not allege that any document exists memorializing any alleged loan modification promises. Accordingly, the negligent misrepresentation claim based on alleged loan modification promise fails as a matter of law.

  **4.**  **The Negligent Misrepresentation Claim is Time-Barred**

Under Texas law, a negligent misrepresentation claim is subject to a two (2) year statute of limitations. *See Gallier v. Woodbury Fin. Servs., Inc.*, No. H-14-888, 2015 WL 3404934, at *4 (S.D. Tex. May 26, 2015) (holding that negligent misrepresentation claim was barred by the two year statute of limitations) (citing TEX. CIV. PRAC. & REM. CODE § 16.003(a)). The statute of limitations accrues on the date that the alleged misrepresentation was made. *See Anderson v. American Tank & Vessel Inc.*, 2007 WL 954228, *4-5 (S.D. Tex. March 26, 2007) (holding that statute of limitations for a negligent misrepresentation claim began to run on the date the insurer made the alleged misrepresentation); *Val-Com Acquisitions Trust v. Bank of Am., N.A.*, No. 4:10-CV-421, 2011 WL 4591959, at *4 (E.D. Tex. Sept. 30, 2011). Plaintiffs allege that in October 2011, the property records in Kaufman County were changed to reflect that Fannie Mae owned

---

[2] "[A] court may consider documents attached to a motion to dismiss that are referred to in the plaintiff's complaint and are central to the plaintiff's claim." *Ladd v. MetroCare Servs.*, No. 4:11-cv-832-Y, 2012 WL 1361660, at *2 (N.D. Tex. Apr. 19, 2012); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). The Court may also consider matters of public record. *Fin. Acquisition Partners LP v. Blackwell,* 440 F.3d 278, 286 (5th Cir. 2006). Additionally, pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully request that the Court take judicial notice of the publicly-recorded Deed of Trust.

the Property, that in October 2012, they noticed that they were no longer listed as owners of the Property, and that as a result, Defendant misrepresented its status as owner of the Property to Kaufman County Appraisal District and to them. *See* Am. Complaint ¶¶ 7, 9, 24. Thus lawsuit, however, was not filed until September 11, 2015, after the limitations period to assert a negligent misrepresentation claim expired. Therefore, the negligent misrepresentation claim is barred by the statute of limitations.

### 5.     The Negligent Misrepresentation Claim Otherwise Fails

The allegations that form the basis of the negligent misrepresentation claim do not constitute representations made for the guidance of Plaintiffs in *their business*, which is a required element of a negligent misrepresentation claim. *See Ayres v. Parker*, No. SA-12-CV-621, 2013 WL 3929711, at *14 (W.D. Tex. Jul. 29, 2013) (rejecting negligent misrepresentation claim because plaintiffs failed to show representations were made for guidance in plaintiffs' business); *Steele v. Green Tree Servicing, LLC*, No. 3:09-CV-0603-D, 2010 WL 3565415, at *7–8 (N.D. Tex. Sept. 7, 2010) (disposing of a negligent misrepresentation claim *sua sponte* because, among other reasons, there was no evidence that "the information supplied was for the guidance of others in their business"); RESTATEMENT (SECOND) OF TORTS § 552 cmt. a (referring to "commercial transactions"); *Flo Trend Systems, Inc.*, 948 S.W.2d at 8 (describing negligent misrepresentation as a "commercial tort"). As such, the negligent misrepresentation claim should be dismissed.

Additionally, no misrepresentation occurred. On the one hand, Plaintiff alleges that Defendant misrepresented to the Kaufman County Appraisal District and to them that it was the owner of the Property. *See* Am. Complaint ¶ 24. But on the other hand, Plaintiff alleges that the property records were changed in October 2011 to reflect that Fannie Mae, not Defendant, owned the Property. *Id.* ¶ 7. Thus, Plaintiff admits that the property records reflected that

Fannie Mae was the owner of the Property and any such representation that Fannie Mae was the owner of the Property is not a misrepresentation by Plaintiff's own admission. Despite such, Plaintiff nonetheless alleges in conclusory fashion that Defendant misrepresented that it was the owner of the Property, but nowhere in the Am. Complaint do Plaintiffs provide any further factual enhancement. Plaintiff's bare-bones and threadbare allegations do not go beyond mere labels and conclusions, are not entitled to the presumption of truth, and are not sufficient to state a negligent misrepresentation claim and prevent a motion to dismiss. *See Twombly*, 550 U.S. at 555; *Iqbal*, 129 S.Ct. 1937, 1949; *Blackburn*, 42 F.3d at 931. Consequently, the negligent misrepresentation claim fails and should be dismissed.

C.  THE QUIET TITLE CLAIM FAILS AS A MATTER OF LAW

To state a quiet title claim, a plaintiff must allege: "(1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014). Further, a plaintiff "must prove and recover on the strength of his own title, not the weakness of his adversary's title." *Id.*; *see also Ray v. CitiMortgage, Inc.*, No. A-11-CA-441-SS, 2011 WL 3269326, at *4 (W.D. Tex. Jul. 25, 2011); *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.)); *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004); *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *Ballard v. Allen*, No. 12-03-00370-CV, 2005 WL 1037514, at *3 (Tex. App.—Tyler 2005, no pet.); *In re Slusser*, 136 S.W.3d 245, 248 (Tex. App.—San Antonio 2004, no pet.). Moreover, Texas courts have made clear that a necessary prerequisite to the recovery of title is tender of whatever amount is owed on the note. *Fillion v.*

*David Silvers Company*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.).

Here, the quiet title claim fails because Plaintiffs are admittedly in default, *see* Am. Pet. ¶ 9, and the Am. Complaint is devoid of any facts whatsoever demonstrating that Plaintiffs have tendered the amount owed on the note. *See, e.g., Campo v. Bank of Am., N.A.*, No. H-15-1091, 2016 WL 1162199, at *5 (S.D. Tex. Mar. 24, 2016) ("Campo is in default and has not alleged that he has tendered the balance of his loan.  His quiet-title claim is legally insufficient for this additional reason and is dismissed."); *Cook-Bell*, 868 F. Supp. 2d at 591 (dismissing quiet title claim where plaintiff did not allege that she tendered the amount owed on the note); *Bynane*, 2015 WL 8764272, at *5; *Jemison*, 2015 WL 251754, at *6.

Additionally, the quiet title claims fail because it is not based on the strength of Plaintiffs' title to the Property, but rather the alleged weakness of Fannie Mae's title to the Property.  *See Martin*, 133 S.W.3d at 265; *Hahn*, 321 S.W.3d at 531; *Ballard*, 2005 WL 1037514, at *3; *In re Slusser*, 136 S.W.3d at 248. Therefore, the quiet title claim fails as a matter of law and should be dismissed.

D.   **THE REQUEST FOR INJUNCTIVE RELIEF SHOULD BE DENIED**

A request for injunctive relief is not a cause of action itself, but is dependent on an underlying cause of action.  *See, e.g.*, *Horne v. Bank of Am., N.A.*, No. 4:12-CV-622-A, 2013 WL 765312, at *7 (N.D. Tex. Feb. 28, 2013); *Smith v. Wells Fargo Bank, N.A.*, No. H–14–283, 2014 WL 3796413, at *2 (S.D. Tex. July 31, 2014); *Barcenas v. Fed. Home Loan Mortg. Corp.*, No. H-12-2466, 2013 WL 286250, *9 (S.D. Tex. Jan. 24, 2013).  Because they have not asserted any viable claims against Defendant as a matter of law, Plaintiffs are not entitled to any requested injunctive relief and such request should be denied.

E.   **DISMISSAL WITH PREJUDICE IS APPROPRIATE**

Although "a court should freely give [a party] leave" to amend pleadings "when justice so requires," FED. R. CIV. P. 15(a), a court should deny leave to amend when the amendment, if granted, will be futile. *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999); *Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). To determine futility, the Fifth Circuit considers whether an amendment could survive a motion to dismiss under Federal Rule 12(b)(6); if an amendment would fail to state a claim upon which relief could be granted, the court may deny leave to amend. *See Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003) (stating "because . . . the proposed amended complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion" allowing plaintiff "to amend the complaint would be futile"). As demonstrated herein, Plaintiffs' claims fail as a matter of law, and as a result, allowing them to file an amended pleading would be futile. Moreover, the Court has already given Plaintiffs an opportunity to amend, which they failed to do. *See* ECF 19. Therefore, the Court should dismiss this lawsuit with prejudice.

**IV.
CONCLUSION AND PRAYER**

WHEREFORE, Defendant respectfully requests that the Court grant this Motion to Dismiss, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss all of Plaintiffs' claims as a matter of law with prejudice. Defendant further prays that the Court grant all other and further relief in law or in equity to which they may be entitled.

Respectfully submitted,

**LOCKE LORD LLP**

/s/ *Marc D. Cabrera*
**Marc D. Cabrera**
State Bar No. 24069453
mcabrera@lockelord.com
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

**Sahar H. Shirazi**
State Bar No. 24085809
sahar.shirazi@lockelord.com
JP Morgan Chase Tower
600 Travis Street, Suite 2800
Houston, Texas 77002
Telephone: (713) 226-1200
Facsimile: (713) 223-3717

**COUNSEL FOR DEFENDANT
DITECH FINANCIAL LLC**

**CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document was served on all counsel of record of January 30, 2018, via the Court's CM/ECF system pursuant to the Federal Rules of Civil Procedure:

/s/ *Sahar H. Shirazi*
Sahar H. Shirazi