IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BEVERLY KIRKPATRICK MCGOWAN and MARK MGOWAN, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | No. 3:15-CV-3155-M (BT) |
| DITECH FINANCIAL, LLC, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is a Rule 12(b)(6) Motion to Dismiss [ECF No. 31], filed by Defendant Ditech Financial, LLC. For the reasons stated, the District Court should GRANT Defendant's Motion and dismiss Plaintiffs' claims with prejudice.

**Background**

On September 1, 2015, Plaintiffs Beverly Kirkpatrick McGowan and Mark McGowan filed this civil action in state court to prevent Defendant from foreclosing on their home in Terrell, Texas (the "Property"). *See* First Am. Original Pet. [ECF No. 1-6]. By their lawsuit, Plaintiffs allege that they purchased the Property in 2002. *See id.* ¶ 1. Three years later, Plaintiffs found themselves in a challenging financial situation and filed the first of several bankruptcies. *See id.* ¶ 2. Plaintiffs allege that, on or around the same time the bankruptcy was

1

discharged, the servicing of their mortgage loan was transferred to Countrywide Home Mortgage. *See id.* Plaintiffs filed for bankruptcy again in 2007 and in 2011. *See id.* ¶¶ 4, 5. Plaintiffs allege that in 2011 their mortgage loan was serviced by Bank of America ("BOA"), and that BOA filed a foreclosure action against the Property in violation of the automatic stay. *See id.* ¶ 6. According to Plaintiffs, the Kaufman County real property records were wrongfully changed to reflect that Federal National Mortgage Association ("FNMA") owned the Property. *See id.* ¶ 7. In 2012, after Plaintiffs were again discharged from bankruptcy, they discovered they were no longer listed as owners of the Property in the Kaufman County real property records. *See id.* ¶ 9. Based on this discovery, Plaintiffs stopped making mortgage payments. *See id.* Plaintiffs allege that FNMA failed to make any insurance or tax payments, which caused them to fall further in arrears. *See id.* ¶ 10.

Plaintiffs allege that Defendant's predecessor in interest, Green Tree Servicing, LLC, began servicing their mortgage loan in or around May of 2014. *See id.* ¶ 8. However, Plaintiffs also allege that Defendant instituted foreclosure proceedings against the Property in April 2014, while Plaintiffs were in bankruptcy from March 2014 to May 2014. *See id.* ¶¶ 13, 14.

Plaintiffs attempted to dispute the outstanding balance on their mortgage loan with Defendant, but Defendant allegedly failed to respond to their inquiries.

2

*See id.* ¶¶ 12, 19-20. Defendant also allegedly refused Plaintiffs' requests for a loan modification and to correct the real property records to show Plaintiffs as the owners of the Property. *See id.* ¶ 15. Plaintiffs allege that Defendant offered them a loan modification in November 2014, but in January 2015 Defendant denied the modification on the ground that Plaintiffs had refused to comply with certain requirements to obtain the modification. *See id.* ¶ 16.

Plaintiffs allege that, in January 2015, they sought the assistance of the Texas Department of Savings and Mortgage Lending and the Kaufman County Appraisal District to correct the property records to show Plaintiffs as the owners of the Property. *See id.* ¶¶ 17, 18. Plaintiffs allege that they are the current owners of the Property and that they currently reside at the Property. *See id.* ¶¶ 21, 22.

Plaintiffs filed their Original Petition on September 1, 2015. *See* Orig. Pet. [ECF No. 1-3]. However, the Original Petition was missing pages; so, two days later, Plaintiffs filed a First Amended Petition, which is the live pleading in this action. The First Amended Petition asserts claims against Defendant for (1) negligent misrepresentation, (2) quiet title, and (3) breach of the implied covenant of good faith and fair dealing, and seeks damages, injunctive relief, and attorneys' fees. Defendant filed an answer in state court and then removed the case to federal court based on diversity jurisdiction. *See* Rem. Not. [ECF No. 1]. Shortly thereafter, Defendant filed a Partial Motion to Dismiss [ECF No. 8] under

Rule 12(b)(6), arguing that Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing fails as a matter of law.

On July 19, 2016, the Court granted Defendant's Partial Motion to Dismiss and dismissed without prejudice Plaintiffs' claim for breach of the implied covenant of good faith and fair dealing. The Court granted Plaintiffs 21 days to amend their pleading and admonished Plaintiffs that it would dismiss the breach of implied covenant claim with prejudice if Plaintiffs failed to cure the defects. Plaintiffs did not file an amended pleading, and, on August 15, 2016, the Court dismissed with prejudice Plaintiffs' breach of implied covenant claim. *See* Judgment [ECF No. 19]. Shortly thereafter, the parties began to engage in settlement discussions and sought and obtained several extensions of various pretrial deadlines. *See* Orders [ECF Nos. 22, 24 & 28].

The parties were unable to settle their dispute by agreement, and Defendant filed a second Rule 12(b)(6) Motion to Dismiss. In the motion, Defendant argues that Plaintiffs' remaining claims for negligent misrepresentation and quiet title should be dismissed with prejudice for failure to state a claim.

## Preliminary Matters

Defendant's Rule 12(b)(6) motion is both untimely and procedurally improper. It is untimely because Defendant filed its motion *after* it filed an

answer in state-court. *See* Fed. R. Civ. P. 12(b) ("A motion asserting [failure to state a claim upon which relief can be granted] must be made *before* pleading if a responsive pleading is allowed.") (emphasis added). The motion also is procedurally improper because Defendant previously filed a Rule 12(b)(6) motion directed to Plaintiffs' First Amended Petition. Rule 12(g)(2) provides that a party that makes a motion under Rule 12 "must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion," unless another motion is permitted under Rule 12(h)(2) or (3). Fed. R. Civ. P. 12(g)(2). Rules 12(h)(2) and (3), in turn, exempt certain defenses—including the defense of failure to state a claim upon which relief can be granted—from this consolidation requirement. Unlike other Rule 12(b) defenses, Rule 12(h)(2) provides that a party may raise the defense of failure to state a claim upon which relief can be granted in other procedural contexts, including a Rule 7(a) pleading, a Rule 12(c) motion for judgment on the pleadings, or at trial. Fed. R. Civ. P. 12(h)(2). Therefore, a defendant does not waive its right to argue that the plaintiff's complaint fails to state a claim for relief merely by failing to raise the issue in its first Rule 12 motion. *MCW, Inc. v. Badbusinessbureau.com, L.L.C.*, 2004 WL 833593, at *5–6 (N.D. Tex. Apr. 19, 2004) ("Together, Rules 12(g) and (h)(2) operate to exempt a Rule 12(b)(6) defense from the consolidation requirement and to preserve that defense from

waiver."). The Federal Rules of Civil Procedure do not permit successive—or serial—motions under Rule 12.

Although the Court could demand strict compliance with Rule 12(g)(2) and require Defendant to reurge its defense of failure to state a claim upon which relief can be granted in another procedural context, the interests of efficiency and judicial economy are best served by construing Defendant's motion as having been brought under Rule 12(c) and considering the merits of Defendant's arguments. *See Nationwide Bi–Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (holding district court did not abuse its discretion by considering defendant's successive Rule 12(b)(6) motion); *see also Jackson v. Fed. Express Corp.*, 2006 WL 680471, at *13 (N.D. Tex. Mar.14, 2006) (Fitzwater, J.) ("[Defendant's] Rule 12(b)(6) motion is untimely because he filed it . . . after he answered [plaintiff's] first amended complaint[.] . . . Nevertheless, the court will treat the motion as if it were a Rule 12(c) motion for judgment on the pleadings."). This litigation has been pending for almost three years, and the parties appear no closer to resolving their dispute than they did when the litigation was filed.

## Legal Standards

The standard for deciding a motion under Rule 12(c) is the same as the standard for deciding a motion under Rule 12(b)(6). *See, e.g., Great Plains Trust*

*Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 313 n. 8 (5th Cir.2002)

("A number of courts have held that the standard to be applied in a Rule 12(c)

motion is identical to that used in a Rule 12(b)(6) motion." (citation and internal

quotation marks omitted)). In order to survive a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual

matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 570 (2007)). "To be plausible, the complaint's '[f]actual allegations

must be enough to raise a right to relief above the speculative level.'" *In re Great*

*Lakes Dredge & Dock Co. LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting

*Twombly*, 550 U.S. 555). "A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[W]here

the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged-but it has not 'show [n]'-'that

the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P.

8(a)(2)).

 The Court must "accept all well-pleaded facts as true and construe the

complaint in the light most favorable to the plaintiff." *In re Great Lakes Dredge*

*& Dock Co. LLC*, 624 F.3d at 210 (citing *Doe v. MySpace, Inc.*, 528 F.3d 413, 418

7

(5th Cir. 2008); *Hughes v. Tobacco Institute, Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). However, the Court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). In addition, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555. "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

"On a Rule 12(b)(6) review, although generally the court may not look beyond the pleadings, the Court may examine the complaint, documents attached to the complaint, and documents attached to the motion to dismiss to which the complaint refers and which are central to the plaintiff's claim(s), as well as matters of public record." *Herrera v. Wells Fargo Bank, N.A.*, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *Cinel v. Connick*, 15 F.3d 1338, 1341, 1343 n.6 (5th Cir. 1994); *United States ex rel. Willard v. Humana Health Plan of Tex., Inc.*, 336 F.3d 375, 379 (5th Cir. 2003)). "Taking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary

judgment." *Id.* (citing *Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* (citing Fed. R. Evid. 201(b)).

## Analysis

### Negligent Misrepresentation

Plaintiffs allege Defendant negligently misrepresented ownership of the Property to Plaintiffs and the Kaufman County Appraisal District. *See* Am. Compl. 5. Plaintiffs further allege that Defendant misled Plaintiffs to believe that a loan modification would be permitted and that the foreclosure proceedings would be stopped. *See* Am. Compl. 5. Defendant seeks dismissal of Plaintiffs' negligent misrepresentation claim on the following grounds: (1) the alleged misrepresentations relating to a loan modification and the foreclosure proceedings do not qualify as misrepresentations of existing facts; (2) the allegations that form the basis of the claim do not constitute representations made for the guidance of Plaintiffs in their business; (3) the claim is barred by the economic loss rule; (4) the claim is barred by the statute of limitations; and (5) the claim based on the alleged oral loan modification promise is barred by the statute of frauds. Plaintiffs respond that the economic loss rule does not bar their

9

negligent misrepresentation claim because the alleged losses are independent of the contract. Plaintiffs further argue that the statute of frauds does not bar their claim to the extent it is based on a written promise contained in a November 8, 2014 letter from Defendant to Plaintiffs and that the claim is not barred by the statute of limitations because the discovery rule applies.

In order to state a claim for negligent misrepresentation under Texas law, a plaintiff must allege: (1) the defendant made a representation in the course of his business, or in a transaction where he has a pecuniary interest; (2) the defendant provided false information for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence when obtaining or communicating this information; and (4) the plaintiff sustained a pecuniary loss by justifiably relying on the defendant's representation. *See Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395-96 (5th Cir. 2005) (quoting *Clardy Mfg. Co. v. Marine Midland Bus. Loans, Inc.*, 88 F.3d 347, 357 (5th Cir. 1996)). "A negligent misrepresentation claim, however, cannot be based on a promise to act in the future, but must rather focus on misstatements of existing facts." *HostingXtreme Ventures, LLC v. Bespoke Group, LLC*, 2017 WL 4012922, at *11 (N.D. Tex. Aug. 23, 2017) (citing *Thawar v. 7-Eleven, Inc.*, 165 F. Supp. 3d 524, 533 (N.D. Tex. 2016)). "A promise to do or refrain from doing an act in the future is not actionable because it does not contain an existing fact." *Alexander v. Grand*

*Prairie Ford, L.P.*, 2007 WL 1576260, at *6 (N.D. Tex. May 31, 2007) (citing *BCY Water Supply Corp. v. Residential Inv., Inc.*, 170 S.W.3d 596, 603 (Tex. App.-Tyler 2005, rev. denied)).

Plaintiffs' allegation that Defendant misled Plaintiffs to believe that a loan modification would be permitted and that the foreclosure proceedings would be stopped fails to state a claim because the alleged promises concerned future conduct, rather than existing fact. *Milton v. U.S. Bank Nat. Ass'n*, 508 F. App'x 326, 329 (5th Cir. 2013) (affirming grant of summary judgment on claim for negligent misrepresentation because alleged promise to modify loan and forestall foreclosure was a promise of future conduct); *see also Edwards v. Ocwen Loan Servicing, LLC*, 2012 WL 844396, at *6 (E.D. Tex. Mar. 12, 2012) (holding that plaintiff did not state a viable claim for negligent representation because the alleged misrepresentation—the mortgage servicer would not foreclose on the property while plaintiff's loan modification application was pending—was a promise of future conduct).

Plaintiffs' claim that Defendant negligently misrepresented ownership of the Property to Plaintiffs and the Kaufman County Appraisal District is barred by limitations. Under Texas law, a negligent misrepresentation claim is subject to a two year statute of limitations. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Texas*, 20 F.3d 1362, 1371 (5th Cir. 1994). The statute of limitations accrues on

11

the date that the alleged misrepresentation was made. *See Anderson v. Am. Tank & Vessel Inc.,* 2007 WL 954228, at *5 (S.D. Tex. Mar. 26, 2007) (holding that statute of limitations for a negligent misrepresentation claim began to run on the date the insurer made the alleged misrepresentation). Plaintiffs allege that in October 2011, the property records in Kaufman County were changed to reflect that FNMA owned the Property, that in October 2012, they noticed that they were no longer listed as owners of the Property, and that as a result, Defendant misrepresented its status as owner of the Property to Kaufman County Appraisal District and to them. *See* First Am. Pet. ¶¶ 7, 9, 24. Plaintiffs thus had until October 2014 to timely file a negligent misrepresentation claim. However, Plaintiffs did not file this lawsuit asserting such claim until September 11, 2015—almost one year after the limitations period had expired.

Plaintiffs cannot rely on the discovery rule to salvage their claim. The discovery rule tolls the statute of limitations until the plaintiff has knowledge of facts that through reasonable diligence would lead to the discovery of the injury. *Cornerstones Mun. Util. Dist. v. Monsanto*, 889 S.W.2d 570, 576 (Tex. App.-Houston 1994). For the discovery rule to apply, the nature of the injury must be inherently undiscoverable and objectively verifiable. *HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 886 (Tex. 1998). Plaintiffs did not plead facts that would toll the limitations period in their First Amended Petition. Indeed, Plaintiffs did

not raise the issue of discovery or mention the discovery rule until they filed their response to Defendant's Motion to Dismiss. Therefore, the negligent misrepresentation claim is not barred by the statute of limitations.

All of Plaintiffs' negligent misrepresentation claims are also barred by the economic loss rule. "In negligence actions, the economic loss doctrine helps Courts differentiate between those damages that are properly recoverable under a negligence theory, and those that lie in contract." *Sanghera v. Wells Fargo Bank, N.A.*, 2012 WL 555155, at *5 (N.D. Tex. Feb. 21, 2012). "The economic loss rule dictates that '[w]hen the plaintiff's only harm is an economic loss caused by the defendant's failure to perform a contract, the defendant has breached a contractual duty, not a tortious one.'" *Id.* (quoting *Belanger v. BAC Home Loans Servicing, L.P.*, 2011 WL 6987152, at *3 (W.D. Tex. Dec.9, 2011)). "Therefore, when a plaintiff alleges only economic loss arising out of a contractual relationship between the parties, the plaintiff is precluded from proceeding under a negligence cause of action." *Sanghera*, 2012 WL 555155, at *5 (citing *Belanger*, 2011 WL 6987152, at *3; *Defranceschi v. Wells Fargo Bank, N.A.*, 2011 WL 3875338, at *7 (N.D. Tex. Aug. 31, 2011)). Furthermore, "under Texas law, reasonable attorney's fees are not recoverable in a negligence action." *Sanghera*, 2012 WL 555155, at *5 (citing *Gulf States Utilities Co. v. Low*, 79 S.W.3d 561, 568 (Tex. 2002)).

13

Also, "negligent misrepresentation claims are subject to the independent injury doctrine." *Greco v. Jones*, 38 F. Supp. 3d 790, 798 (N.D. Tex. 2014) (citing *D.S.A., Inc. v. Hillsboro Indep. Sch. Dist.*, 973 S.W.2d 662, 663-64 (Tex. 1998)). "Since the independent injury rule applies to negligent misrepresentation claims under Texas tort law, [the plaintiff] must adequately allege an injury that can be remedied by the negligent misrepresentation claim and could not be remedied under a breach of contract claim." *Murex, LLC v. GRC Fuels, Inc.*, 2016 WL 4207994, at *8 (N.D. Tex. Aug. 10, 2016) (citing *Sterling Chems., Inc. v. Texaco Inc.*, 259 S.W.3d 793, 800 (Tex. App.-Houston [1st Dist.] 2007, pet. denied)).

As alleged, Plaintiffs' negligent misrepresentation claim is based on misrepresentations regarding a purported loan modification offer and ownership of the Property. Plaintiffs have not alleged any injury independent of their mortgage relationship with Defendant or the purported economic losses arising therefrom. Further, none of the purported damages of which Plaintiffs complain would exist without the mortgage loan that Plaintiffs obtained in order to purchase the Property. "The loss of the home is an economic damage that arises solely and directly from the alleged breach of [the mortgagor-mortgagee] contractual relationship." *Owens v. BAC Home Loans Servicing, L.P.*, 2013 WL 1345209, at *4 (S.D. Tex. Mar. 30, 2013) (citing *Sanghera*, 2012 WL 555155, at *6). Plaintiffs' claim is thus barred by the economic loss rule.

14

To the extent that Plaintiffs argue their claim arises under an independent duty of care, their claim still fails because Defendant owes Plaintiffs no duty of care, as there is no special relationship between a mortgagor and a mortgagee under Texas law. *See Miller v. CitiMortgage, Inc.*, 970 F. Supp. 2d 568, 585 (N.D. Tex. 2013) (citing *Thigpen v. Locke*, 363 S.W.2d 247, 253 (Tex. 1962).

For all these reasons, the Court should grant Defendant's Motion to Dismiss as to Plaintiffs' claims for negligent misrepresentation.

<u>Quiet Title</u>

Plaintiffs' claim to quiet title also should be dismissed. To prevail in a suit to quiet title under Texas law, the plaintiff must prove: "(1) his right, title, or ownership in real property; (2) that the defendant has asserted a 'cloud' on his property, meaning an outstanding claim or encumbrance valid on its face that, if it were valid, would affect or impair the property owner's title; and (3) that the defendant's claim or encumbrance is invalid." *Warren v. Bank of Am., N.A.*, 566 F. App'x 379, 382 (5th Cir. 2014) (citing *Gordon v. W. Houston Trees, Ltd.*, 352 S.W.3d 32, 42 (Tex. App.—Houston [1st Dist.] 2011, no pet.)). "[T]he plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied). "Thus, the plaintiff 'must prove and recover on the strength of his own title, not the weakness of his adversary's title.'" *Warren*, 566 F. App'x at

382 (quoting *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.-Corpus Christi 2001, no pet.)). Furthermore, "Texas courts have made clear that 'a necessary prerequisite to the . . . recovery of title . . . is tender of whatever amount is owed on the note.'" *Cook-Bell v. Mortg. Elec. Registration Sys., Inc.*, 868 F. Supp. 2d 585, 591 (N.D. Tex. 2012) (quoting *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.-Houston [14th Dist.] 1986, writ ref'd n.r.e.)).

Here, Plaintiffs' quiet title claim fails because Plaintiffs admit that they are in default, and Plaintiffs have not alleged facts showing that they tendered the amount due on the note. Indeed, Plaintiffs concede in their First Amended Petition that that they "did not make payments." *See* First Am. Pet. 3 ¶ 9. Plaintiffs have thus failed to allege sufficient facts to state a claim for quiet title.

Plaintiffs' quiet title claim also fails because it is not based on the strength of Plaintiffs' title to the Property. Although Plaintiffs argue in response to Defendant's motion that the "[t]itle to the Property is affected by a claim by the Defendant," and that "Defendant's claim and efforts to foreclose on the Property would affect or impair the title of the owner of the Property," *see* Resp. 10-11, they do not argue that Defendant's mortgage lien is invalid. This failure to assert the superiority of their own title is fatal to their quiet title claim. *See Cook-Bell*, 868 F. Supp. 2d at 591 ("The plaintiff asserts only that 'if the lien were enforced, it would interfere with the [p]laintiff's . . . use and enjoyment of the property.' . . . .

However, the plaintiff has failed to argue that her title is superior to the defendants' title, and has not tendered the amount owed on the note. . . . As a result, the plaintiff has failed to state a claim upon which relief may be granted, and this claim too must be dismissed.").

Therefore, the Court should grant Defendant's Motion to Dismiss as to Plaintiffs' claim for quiet title.

<u>Injunctive Relief</u>

 Plaintiffs also assert a claim for injunctive relief. "Under Texas law, a request for injunctive relief is not itself a cause of action but depends on an underlying cause of action." *Cooks v. Wells Fargo Bank, N.A.*, 2010 WL 2772445, at *4 (N.D. Tex. Jul. 12, 2010) (citing *Brown v. Ke-Ping Xie*, 260 S.W.3d 118, 122 (Tex. App.-Houston [1st Dist.] 2008, no pet.)). Defendant argues that Plaintiffs are not entitled to injunctive relief, because Plaintiffs cannot prevail on a substantive underlying claim. *See* Mot. 12. Plaintiffs in their response assert in a conclusory fashion that they "have satisfied all prerequisites for injunctive relief in their First Amended Original Petition and Application for Injunctive relief." *See* Resp. 11. Because Plaintiffs failed to demonstrate any well-founded causes of action against Defendant, there is no underlying cause of action for which the Court can provide this equitable remedy. Therefore, Plaintiffs' request for injunctive relief should be denied.

17

## Recommendation

For the reasons stated, the District Court should GRANT Defendant's Motion to Dismiss [ECF No. 31], and dismiss with prejudice all of Plaintiffs' remaining claims.[1]

**SO RECOMMENDED**.

August 24, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

---

[1]  Ordinarily, a plaintiff should be granted leave to amend his complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."). Here, however, Plaintiffs failed to take advantage of the Court's prior invitation to file an amended pleading after the Court dismissed their first claim. In response to Defendant's Motion, Plaintiffs attempted to defend the sufficiency of the First Amended Petition and did not ask for leave to amend their pleading. The Court thus concludes that Plaintiffs already have pleaded his best case. Giving Plaintiffs another opportunity to amend their pleadings would be futile and cause needless delay. *Jones v. Greninger,* 188 F.3d 322, 327 (5th Cir. 1999) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case); *Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit.").

## <u>INSTRUCTIONS FOR SERVICE AND</u>
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).